# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NATIONAL SHOPMEN PENSION FUND
And its TRUSTEES, ERIC DEAN AND
TIMOTHY O'CONNELL,
1750 New York Avenue, N.W.
Washington, D.C. 20006,

      Plaintiffs,

vs.                                                                  Case No.

OHIO VALLEY STEEL COMPANY,
1721 Wetzel Street
Wheeling, WV 26003

      Defendant.

## COMPLAINT

Come now Plaintiffs, by and through their attorneys, and for their cause of action against the Defendant state:

1. Jurisdiction of this cause of action and the parties to it is conferred upon this Court by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(e)(1) and (f) and by Section 4301 of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1451.  Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) and Section 4301(d) of MPPAA, 29 U.S.C. §1451(d).

2. Plaintiff National Shopmen Pension Fund (hereinafter the "Fund") is a multiemployer employee benefit plan within the meaning of Section 3(3) and 3(37) of ERISA, 29 U.S.C. §§1002(3) and 1002(37), and a joint labor-management pension fund established pursuant to Section 302(c) of

the LMRA, 29 U.S.C. §186(c). Its purpose is to provide pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with affiliated Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO.

3.   Plaintiffs Eric Dean and Timothy O'Connell are Trustees of the Fund. The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21). The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 20 U.S.C. § 185. The Fund is administered in the District of Columbia.

4.   Defendant Ohio Valley Steel Company is a West Virginia corporation engaged in various forms of shop metal product manufacturing.  Defendant is and was at all times material hereto an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

5.   Defendant was party to collective bargaining agreements with Shopmen's Local Union No. 527 located in Pittsburg, PA which required contributions to the Fund.

6.   Defendant experienced a complete withdrawal from the Fund during plan year 2014.

7.   The Fund's actuarial consultants computed that defendants has withdrawal liability of $92,595.00.

8.   On March 11, 2015, the Fund issued a withdrawal liability assessment to Defendant.  The assessment contained a schedule for repayment pursuant to which Defendant was required to either pay the assessed withdrawal liability in a lump sum or to begin making quarterly interim payments of $6,786.00 on or before April 11, 2015.  The assessment further noted that defendants had the right, within ninety (90) days, to request that the Fund review its assessment.

9. Defendant failed to either pay the full amount of the assessment or make the initial quarterly payment by April 11, 2015.

10. Defendants have failed to request that the Fund review its assessment within the aforesaid ninety (90) day period, which ended on June 9, 2015.

11. Defendant had failed to make the April 11, 2015 payment and had 60 days to cure otherwise, Defendant would be in default of their withdrawal liability obligations.

12. Pursuant to Section 4219(c)(5) of MPPAA, 29 U.S.C. §1399(c)(5), default occurs upon the failure of an employer to make any payment when due if the failure is not cured within 60 days after the employer receives written notification from the plan sponsor of such failure. Pursuant to the MPPAA regulations, default will not occur until the 61st day after the expiration of the period for the employer to request review by the plan sponsor. 29 C.F.R. § 4219.31(c).

13. Defendants have failed to make the April 11, 2015 quarterly payment within the 60 day cure period, which ended on or around June 10, 2015.

14. Section 4219(b)(5) of MPPAA, 29 U.S.C. §1399(b)(5), states that a pension plan may require immediate payment of the full amount of withdrawal liability upon default by an employer.

15. Plaintiffs are entitled to recover, in addition to the above withdrawal liability, interest, liquidated damages, costs, and reasonable attorneys' fees pursuant to Section 502(g) of ERISA, as amended, 29 U.S.C. §1132(g).

WHEREFORE, plaintiffs pray this Court for the following relief:

1. A judgment against defendant for $92,595.00 in withdrawal liability.

2. An award of interest and liquidated damages.

3. An award of plaintiffs' attorneys' fees and court costs.

4. Such other order as is deemed just and proper in the premises.

3

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN, L.L.C.


  /s/ Ronald C. Gladney
RONALD C. GLADNEY, No. 28160MO
4399 Laclede Avenue
St. Louis, Missouri 63108
Phone: (314) 531-1054
Fax:   (314) 531-1131
rgladney@hghllc.net
Attorneys for Plaintiffs




A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

4